UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE KITTANSETT CLUB, and STEPHEN F. GORMLEY,<br><br>     Plaintiffs,<br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>     Defendant. | C.A. No. 1:11-CV-11385-DJC |

**DEFENDANT'S STATEMENT OF DISPUTED AND ADDITIONAL NEW FACTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND ITS CROSS MOTION FOR SUMMARY JUDGMENT**

1. Undisputed for the purposes of this Motion. Responding further, Defendant states that the subject Complaint, being in writing, speaks for itself.

2. Undisputed for the purposes of this Motion. Responding further, Defendant states that the Complaint in the lawsuit entitled, <u>Charles Cotter, and all others similarly situated v. The Kittansett Club and Stephen F. Gormley</u> (the "Cotter Action"), being in writing, speaks for itself.

3. Undisputed for the purposes of this Motion. Responding further, Defendant states that the Complaint in the Cotter Action, being in writing, speaks for itself.

4. Undisputed for the purposes of this Motion. Responding further, Defendant states that the Complaint in the Cotter Action, being in writing, speaks for itself.

5. Undisputed for the purposes of this Motion. Responding further, Defendant states that the Complaint in the Cotter Action, being in writing, speaks for itself.

6. Denied as phrased (argumentative). The letter attached to Plaintiffs' Motion for Partial Summary Judgment at Exhibit 2 being in writing, speaks for itself. Further responding, Defendant states that the plaintiffs seek to juxtapose factual assertions in order to have the Court impermissibly draw inferences that go beyond the actual facts in the summary judgment record. The letter does not say, for example, that PIIC "refused" to provide the Insureds with a defense and/or indemnity in the Lawsuit.

7. Undisputed for the purposes of this Motion. Responding further, Defendant states that the letter attached to Plaintiffs' Motion for Partial Summary Judgment at Exhibit 2 being in writing, speaks for itself.

517948.1

8. Defendant admits the authenticity of the November 4, 2009 letter attached as Exhibit 3 and states that the document, being in writing, speaks for itself.

9. Defendant admits the authenticity of the November 4, 2009 letter attached as Exhibit 3 and states that the document, being in writing, speaks for itself. Further responding, Defendant denies the truth of the statements set forth in the November 4, 2009 letter, namely Plaintiffs' contention that the Policy's AMENDMENT OF THE EXCLUSIONS Endorsement does not apply to the Cotter Action.

10. Defendant admits the authenticity of the November 4, 2009 letter attached as Exhibit 3 and states that the document, being in writing, speaks for itself. Further responding, Defendant denies the truth of the statements set forth in the November 4, 2009 letter, namely that Plaintiffs are entitled to coverage under the Policy.

11. Defendant admits the authenticity of the January 11, 2010 letter attached as Exhibit 4 and states that it speaks for itself. Defendant objects to the plaintiff's paraphrasing of said letter as it is inaccurate.

12. Defendant does not dispute that Paragraph 12 accurately describes the nature of the allegations set forth in the Plaintiffs' Complaint, but denies the truth of those allegations.

13. Admitted, except as follows: PIIC issued a Flexi Plus Five Policy ("Policy"), not a "Fire" Policy. Further answering, Defendant admits the authenticity of the Policy attached as Exhibit 5 and states that the document, being in writing, speaks for itself.

14. Defendant admits that the Plaintiffs have set forth portions of the Policy. Defendant denies that the Plaintiffs have set forth all "pertinent provisions." Further answering, Defendant states that the Policy contains the following definitions found in Section II of Part 2, Employment Practices Liability Insurance coverage section:

   A. **Employment Practice Act** means any actual or alleged:

      2. breach of a written or oral employment contract or implied employment contract;

         .   .   .

      17. violation of any federal, state or local civil rights law,

      and committed or attempted by an **Individual Insured** in his/her capacity as an **Individual Insured** or by the **Organization**.

         .   .   .

      However, **Employment Practices Act** does not include a **D&O Wrongful Act, Fiduciary Liability Act, or Internet Liability Act.**

Further answering, Defendant states that the Policy contains the following Common Policy Definitions as found in Part 6:

C. **Damages** means a monetary judgment, award or settlement including punitive, exemplary or multiple portion thereof, or, with respect to Part 4 (Workplace Violence Insurance), **Violence Damage**.

10.(sic) Whether or not coverage is available under the Policy for the claims asserted in the Cotter Action is a question of law, not a statement of fact and, therefore, no response is required. Further, whether or not the AMENDMENT OF EXCLUSIONS Endorsement applies is a question of law, not a statement of fact and, therefore, no response is required. Further answering, Defendant denies coverage is afforded under the Policy.

### Defendant's Statement of Additional Undisputed Material Facts

1. According to the complaint in the Cotter Action, Kittansett "adds a gratuity to food and beverage bills" which is "typically 18% of the total food and beverage bills. However, [Kittansett] does not remit the proceeds of this gratuity to employees who serve food or beverages. Instead, [Kittansett] has a policy and practice of retaining the gratuity for itself and/or distributing it to management or other employees who do not serve food or beverages." *See* Complaint in the Cotter Action attached to Plaintiffs' Statement of Undisputed Facts at Exhibit 1 ("Ex.") at ¶¶7-10.

2. According to the complaint in the Cotter Action, the *Cotter* plaintiffs' alleged that they have been "deprived of payments to which they are entitled." Ex. 1 at ¶11.

3. The representative plaintiffs sought restitution for all gratuities not properly distributed to employees, an injunction ordering Kittansett and Gormley to comply with M.G.L. c. 149, § 152A, and statutory trebling of all damages, attorney's fees and costs, as provided under M.G.L. c. 149, § 150. Ex. 1 at ¶2 and "Count I".

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,
By Its Attorneys,

_/s/ Peri K. Agulnek_
George C. Rockas, BBO#544009
George.Rockas@wilsonelser.com
Peri K. Agulnek, BBO#663865
Peri.Agulnek@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
Tel. (617) 422-5300
Fax: (617)423-6917

**CERTIFICATE OF SERVICE**

I, Peri K. Agulnek, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on February 8, 2012.

/s/ Peri K. Agulnek
Peri K. Agulnek

4

517948.1